In the Matter of the Judicial Settlement of the Account of Proceedings of Mary A. George, as Administratrix of Albert Leonard George, Late of Queens County, Deceased.

Daniel Frank, Special Guardian for Ray S. George, an Infant, and Jacob L. Blumenson, Objectors, Appellants; Mary A. George, as Administratrix, etc., of Albert Leonard George, Deceased, Morris D. Kopple and United States Fidelity and Guaranty Company, Respondents.

Second Department, January 30, 1939.

*Charles H. Ellner* [*Beatrice Rosenberg* with him on the brief], for the appellant Daniel Frank.

*Joshua B. Schoenberger*, for the appellant Jacob L. Blumenson.

*Fletcher Martin*, for the respondent Mary A. George.

*Herbert D. Cohen*, for the respondent Morris D. Kopple.

JOHNSTON, J. The question to determine is whether the administratrix should be charged with the sum of $9,477.21, the net proceeds of two insurance policies totaling $18,000, in which the deceased was the assured and the Par Amount Shirt Shops, Inc. (hereinafter called the corporation), was the beneficiary.

The facts are as follows: Early in 1932 the corporation — of which the deceased was president and a stockholder — was in financial difficulties. The corporation and its creditors, whose claims amounted to approximately $60,000, agreed to liquidate the business and a dividend of twenty-seven and one-half per cent was paid to the creditors. On March 5, 1932, the corporation executed a general assignment for the benefit of its creditors to one Morris M. Cohen, who liquidated the remaining assets and paid an additional dividend of nine per cent. On June 1, 1934, the assignee was discharged and his bond canceled. On August 16, 1934, the deceased died. On September 4, 1934, his widow was appointed administratrix. Upon the deceased's death there became due $14,360.23, representing the face amount of the policies less the sums previously borrowed, which, it is claimed, were put into the business. On September 27, 1934, the widow individually and as administratrix retained the respondent Kopple, who had represented the deceased and the corporation in the negotiations with the creditors, and agreed to pay him fifty per cent of whatever part of the insurance moneys which she individually or as administratrix might recover. On the same day Kopple, on her behalf as "widow and administratrix, and also as stockholder," made claim to the insurance moneys. The following day the assignee for the benefit of creditors procured an order reopening that proceeding, claiming that he, as assignee, was entitled to the insurance moneys. The policies were in the possession of an insurance broker named Berthold. The parties then stipulated that the policies were to be delivered to the assignee, who was to apply for payment under the policies and the proceeds were to be deposited in the names

of the assignee and Kopple to await determination as to whom they belonged. On October 2, 1934, an order was made in the assignment proceeding in accordance with the terms of the stipulation and the insurance moneys were paid. Kopple, on behalf of the widow individually, then demanded the proceeds of the policies and the assignee claimed they were part of the corporation's assets which passed to him under the assignment. Negotiations looking toward a settlement were had and an agreement was made by which the assignee agreed to settle his claim for $5,000, and the balance of the insurance moneys, amounting to $9,477.21, were to be paid to Kopple, as attorney for the widow. On October 30, 1934, an order to that effect was entered in the assignment proceeding. On November 9, 1934, Kopple then paid the widow $3,571.12, representing one-half of the sum received — $4,738.62 — less $367.50 which he paid in settlement of a claim against the deceased's estate and less $800 which he claimed was due him for services rendered to the deceased, a corporation which the deceased owned, and the widow individually and as administratrix. On December 16, 1935, the administratrix filed her account, in which she failed to charge herself with any part of the proceeds of the insurance policies, and a creditor of the deceased's estate and the special guardian for the deceased's infant son filed objections.

Meanwhile the administratrix petitioned for the issuance of a supplemental citation directed to Kopple, so that if it should be adjudged the insurance moneys were an asset of the estate, as Kopple retained $5,538.62 without an order of the surrogate, he should be amenable to the decree. On May 1, 1936, the court ordered a supplemental citation issue to Kopple.

After a hearing all the objections were dismissed and the creditor and the special guardian appeal.

When the widow first made claim to the insurance moneys she asserted it was understood that the policies, although payable to the corporation, were not to be considered part of the corporate assets and were not to pass under the assignment, and the beneficiary named in the policies was to be changed from the corporation to her, but through an oversight the deceased failed to have this done. The assignee claimed the insurance moneys on the theory that the policies belonged to the corporation and even though he did not know of their existence they should be treated as part of the corporate assets transferred under the assignment. As I understand the widow's present position, it is that the policies were part of the corporate assets and while they were not delivered to the assignee they should have been and, therefore, the creditors

were free to dispose of the proceeds of the policies as they pleased; and as they were willing to settle her individual claim by retaining $5,000 and paying her the balance, she is under no obligation to account as administratrix for the moneys she received.

As the corporation was the beneficiary named in both policies and the assured had no right under the policies to change the beneficiary, and the beneficiary in fact was not changed, the policies were the property of the corporation and passed under the assignment, unless it was expressly agreed that they were not to be so transferred. It clearly appears that the assignee and the creditors knew of the existence of the policies prior to and at the time of the assignment, and understood and agreed that they were not to pass under the assignment. This is shown by the affidavit, verified November 28, 1934, of Sidney Wedeen, who represented the creditors and was attorney for and partner of the assignee. In his affidavit Wedeen states that the policies at all times remained in the possession of the deceased or his insurance brokers and that loans had been obtained upon them and the money put into the business prior to the assignment, so neither the creditors nor the assignee believed they were of any value. Wedeen also states that " if any premiums were payable thereon they were paid by George subsequent to the assignment." Wedeen further states that " so far as was known, George [the deceased] was free to surrender the policies and obtain whatever equities there may still have existed or continue them and change the beneficiary thereon or dispose of them in any manner that he saw fit." According to Wedeen it was the deceased's failure to change the beneficiary that gave rise to the assignee's claim to the proceeds of the policies.

We need not decide whether the assignee's claim was valid or invalid. While appellants insist that the widow acted in bad faith in abandoning her claim as administratrix and in pressing her individual claim to the insurance moneys, they do not contend that the settlement with the assignee was fraudulent or improvident; nor do they claim that the administratrix should account for more than $9,477.21. Therefore, we may assume, as do appellants, that the widow either in her individual capacity or as administratrix, was justified in settling the assignee's claim upon the payment of $5,000. There remains the question whether the $9,477.21 received by the widow is her individual property or an asset of the estate. As the policies were not transferred under the assignment for the benefit of creditors and the corporation remained as beneficiary, the policies were the property of the corporation at the time of the death of the insured. As such their proceeds

— less the $5,000 paid to settle the assignee's claim — did not belong to the widow individually or as administratrix but belonged to the corporation which, so far as this record shows, has not been dissolved. It appears, however, that the deceased was a stockholder of the corporation. Whether he owned all or only a part of the stock does not appear. The administratrix succeeded to his interest in the corporation. If the deceased owned all the stock, his estate would be entitled to the $9,477.21, less any claim for taxes or other liens and claims of creditors, if any. If he owned only a part, his estate would be entitled to his proportionate share.

As heretofore indicated, the respondent Kopple under his retainer by the widow individually and as administratrix, deducted one-half of the $9,477.21, or $4,738.62, and also deducted $367.50 which he paid in settlement of a claim against the deceased's estate and $800 for services rendered to the deceased, to a corporation which the deceased owned, and to the widow individually and as administratrix. The widow, therefore, received only $3,571.12.

In her affidavit in support of her application for the issuance of a supplemental citation to Kopple, as well as in her examination before trial, the widow stated that when she first consulted Kopple he advised her that neither she nor the estate had any claim to the insurance moneys and that they belonged to the corporation. This is not denied. Nevertheless, Kopple took a retainer from the widow individually and as administratrix, and on her behalf as widow, administratrix and stockholder filed a claim with the insurance company. The stipulation he signed on October 1, 1934, provided that the assignee was to make application for the payment of the insurance moneys and when they were received they were to be held pending "the determination of the interest in said proceeds of the said Morris M. Cohen as assignee and Mary A. George, widow and administratrix." Subsequently Kopple asserted the widow's individual claim to the moneys and they were paid to her as "claimant." It might have been better had Kopple advised the widow that he could not continue to represent her both individually and as administratrix, and also so informed the surrogate.

The widow should be directed to pay into court the moneys she received, to wit, $3,571.12, and Kopple should be directed to pay into court $4,738.62, the amount he withheld under his retainer, plus the $800 which he also withheld for services rendered to the deceased, the corporation which the deceased owned and the widow individually and as administratrix, and also $367.50, which he paid to a claimant of the deceased's estate, or in lieu of the above amounts an undertaking with corporate surety may be filed by either the

widow or Kopple.  If Kopple has a claim for services to the deceased he may file it.  If the surrogate is satisfied that the $367.50 which Kopple paid to a claimant of the deceased's estate was a just claim he may receive credit for that amount.

The decree should be reversed on the law and the facts, with costs to appellants payable out of the estate, and the matter remitted to the surrogate to take further proof and determine to whom the $9,477.21, the proceeds of the life insurance policies, belong, allowing to Kopple such sum as in his opinion represents fair and reasonable compensation for services rendered by Kopple to the estate, and enter a decree in accordance with the opinion.

Appeal by Jacob L. Blumenson from the order granting the motion of the administratrix for the issuance of a supplemental citation directed to Morris D. Kopple should be dismissed.

On appeal from decree: LAZANSKY, P. J., and CARSWELL, J., concur; HAGARTY, J., dissents and writes for affirmance of the decree, without costs, and without prejudice to the right of the special guardian for the infant and the creditor, appellants, to file objections to the account as outlined in his opinion; DAVIS, J., concurs with HAGARTY, J.

HAGARTY, J. (dissenting).  I agree with Mr. Justice JOHNSTON's conclusion that upon the death of the assured on August 16, 1934, the proceeds of the policies of insurance belonged to the corporation, the Par Amount Shirt Shops, Inc., named in the policies as the beneficiary.  When the corporation made a general assignment for the benefit of creditors on the 5th day of March, 1932, the policies had no cash surrender value, as loans had been made upon them to the fullest extent.  For that reason they did not pass to the assignee.  But, in any event, it was only the cash surrender value that could have passed to the assignee at the time of the assignment.  (*Matter of McKinney*, 15 Fed. 535.)  It follows, therefore, that on the death of the insured the proceeds of the policies were payable to the corporation, of which the insured was a large stockholder, if not the only stockholder.  As to the extent of the insured's holdings in the corporation, the record is silent.  But when the insured died, the amount of the policies was paid, not to the corporation, but to " Morris M. Cohen, assignee for the benefit of creditors of Par Amount Shirt Shops, Inc. of New York " to the extent of $14,477.21.  Clearly the assignee had no right to it.  In none of the proceedings to reopen the estate, to authorize the assignee to make application for payment and for approval of a settlement between the assignee and Mary A. George, was notice ever given the corporation, nor was the latter represented therein.  Further-

more, no direction was ever made by court order or otherwise to the insurance company to pay the proceeds of the policies to the assignee. It cannot be said that the assignee for the benefit of creditors represented the corporation, for, quoting from the opinion in *Brown* v. *Guthrie* (110 N. Y. 435, 441), " The material and essential characteristic of a general assignment is the presence of a trust. The assignee is merely trustee and not absolute owner." As such trustee for the benefit of creditors, he had no standing as a representative of the corporation, particularly in a transaction involving a fund which accrued long after the assignment and did not pass under it. It cannot be said that Mr. Kopple represented the corporation, for he had been retained by the widow, and made claim to the insurance moneys on her behalf as " widow and administratrix, and also as stockholder." As a matter of fact, neither the assignee nor Kopple claimed to represent the corporation. Subsequently the moneys were deposited in the names of the assignee and Kopple " to await determination as to whom they belonged." The result was that, in the absence of the corporation, the corporation's money was divided among the assignee, the widow and Kopple, no one of whom had any legal right or claim to it.

My conclusion is that the proceeds of the policies in the full amount belong to the corporation; that they have never been paid to it, and that the corporation has never relinquished its right to them. If that be so, the stock of the corporation held by the intestate at the time of his death has value as an asset of the decedent's estate, and it is for the stock that the administratrix should be surcharged. The administratrix may not be surcharged with assets belonging to a corporation merely because her intestate held stock in that corporation.

For the reasons stated, the decree should be affirmed, without costs, and without prejudice to the right of the special guardian for the infant and the creditor, appellants, to file objections to the account as outlined in this opinion.

DAVIS, J., concurs.

Decree of the Surrogate's Court, Queens county, reversed on the law and the facts, with costs to appellants, payable out of the estate, and the matter remitted to the surrogate to take further proof and enter a decree in accordance with opinion by JOHNSTON, J.

On appeal from order: LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and JOHNSTON, JJ., concur.

Appeal from order granting motion for issuance of supplemental citation directed to Morris D. Kopple dismissed.